Melvin **WALKER**, Appellant,

v.

**J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas**, Appellee.

No. 7887.

United States Court of Appeals Tenth Circuit.

Dec. 8, 1964.

James A. Jennings, Oklahoma City, Okl., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., and James R. Ward, Asst. U. S. Atty., on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HILL, United States Circuit Judges.

PER CURIAM.

Appellant has appealed from an order dismissing his petition for a writ of habeas corpus without a hearing. The facts are not in dispute and only questions of law are presented.

Walker received a five year federal sentence on April 18, 1961, and was committed to the custody of the Attorney General. Shortly thereafter he received a "Sentence Notice To Inmate" by which he was advised that he would be eligible for parole on December 17, 1962. Subsequent to receipt of this notice, he received another federal sentence of five years to run consecutively to the sentence he was then serving, but with a provision that the question of eligibility for parole was left to the discretion of the Board of Parole pursuant to 18 U.S.C.A. § 4208(a) (2). For the purpose of determining a new parole eligibility date, the two five year sentences were aggregated. The record does not disclose that Walker thereafter received any notice of a new parole eligibility date and we do not know of any statute requiring such a notice.

Walker filed a previous petition for a writ of habeas corpus in the District of Kansas, in which he raised the same questions presented in this case. The trial court held a hearing on that petition and denied the writ on March 5, 1964. No appeal was taken from that denial. The present case was filed July 22, 1964, and dismissed on July 24, 1964, because of the prior determination of the legality of Walker's imprisonment and the absence of any new ground not previously ruled upon by the trial court.

Appellant makes two contentions: (1) That the prison authorities had no right to aggregate his two sentences for the determination of a parole eligibility date; and (2) that because a new parole eligibility date was not set by the Board of Parole after his second sentence, he is now entitled to his release.

A second and successive petition for a writ of habeas corpus need not be entertained unless it raises questions not previously presented and determined and such a petition may be dismissed without a hearing if it fails to raise substantial factual or legal questions. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148.

We have carefully examined the record in this case and fully agree with the trial judge that there is no merit to either of appellant's contentions. We have consistently held that the aggregation of sentences is proper. Stanford v. Taylor, 10 Cir., 337 F.2d 176, and cases therein cited. And, of course, the determination of a parole eligibility date is wholly within the discretion of the Board of Parole. Hiatt v. Compagna, 5 Cir., 178 F.2d 42, aff'd, 340 U.S. 880, 71 S.Ct. 192, 95 L.Ed. 639; Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225, cert. denied, Thompson v. United States, 375 U.S. 957, 84 S.Ct. 446, 11 L.Ed.2d 315; Losieau v. Hunter, 90 U.S.App.D.C. 85, 193 F.2d 41.

Affirmed.