**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Truman TALK, Defendant-Appellant.**

**No. 133–69.**

United States Court of Appeals
Tenth Circuit.

Nov. 20, 1969.

Martin E. Threet, Albuquerque, N. M., for defendant-appellant.

Victor R. Ortega, U. S. Atty. (Ruth C. Streeter, former U. S. Atty., and John A. Babington, Asst. U. S. Atty., on the brief), for plaintiff-appellee.

Before MURRAH, Chief Judge, LEWIS, Circuit Judge, and THEIS, District Judge.

THEIS, District Judge.

Appellant in this case was charged with the crime of rape on an Indian Reservation, in violation of 18 U.S.C.A. § 1153. In the first trial the jury was unable to reach a verdict. At a second trial he was tried again, convicted, and

sentenced to twenty years in prison, with provisions for parole as set forth in 18 U.S.C.A. § 4208(a) (2).

The facts are simple. On the night of July 12, 1968, within the boundaries of the Navajo Indian Reservation, Gloria Mae Begay, a thirteen-year old Indian girl, was seized by the appellant and dragged to a secluded spot at the rear of a drive-in movie theater. With his fists and by beating her with a chain, the appellant physically abused the girl. Thereafter, he, along with five other young Indians, commenced to rape the girl. During the course of the attack a police car drove by, causing the appellant and those with him to run. The girl went to the police car and made her complaint.

On this appeal, appellant brings to this Court only two questions concerning error by the trial court: one bearing on the prosecution's cross-examination of the appellant about a previous assault on, and the validity of his claimed marriage to, one Alice Johnson; and the other concerning the trial court's refusal to disclose the contents of the pre-sentence report to the appellant prior to sentencing.

■ As to appellant's first contention, at the trial and after the appellant had testified on direct examination that he was married to Alice Johnson and enjoyed a satisfactory sexual life, the following occurred on cross-examination:

"Q. (Mr. Watkins [Assistant U. S. Attorney] continuing.) Truman, you said you were married to Alice Johnson, is that correct?

A. That's correct.

Q. When were you married to Alice Johnson?

A. I got married to Alice Johnson— well, I didn't took our blood tests, March 15, we got married May 15.

Q. *Isn't it true, Truman, that in June of 1968 that you and Alice*

*Johnson were engaged to be married but that you got mad at her and threw her out of a moving car and broke her shoulder?*

MR. THREET: [Appellant's attorney] Your Honor—

Q. (Mr. Watkins continuing.) She never married you?

MR. THREET:—this is getting into matters—

MR. WATKINS: Your Honor, he says he's married. I want to find out if he really is.

THE COURT: You might ask him about being married, but all of this other will be stricken and the jury advised not to consider it." (Emphasis added.)

On the basis of the italicized question above, appellant's counsel moved for a mistrial at the close of the evidence and moved for a new trial after the guilty verdict was received. Both motions were denied by the trial court. Appellant now contends those rulings were error. We do not agree.

In order to place the question of the United States Attorney in proper perspective, it is necessary to examine the Government's case and certain events that transpired during the course of the trial, appearing in the record before us. On direct examination the appellant Talk, who had taken the stand in his own defense, told the jury that he was married to Alice Johnson, and that his sex life had been satisfactory. The transcript further shows in the colloquy of counsel before the trial court, that the United States Attorney had stated that Miss Johnson was unavailable as a witness because she gave birth to a child on the second day of the trial, and that the prosecutor had in his hand at the time the objectionable question was asked, an investigatory statement given by Miss Johnson denying that she ever married Talk, and telling how her injury, when pushed from Talk's car in June, 1968, ended their relationship a month before

commission of the crime on which the instant prosecution was based.

It is fundamental that the trial court has broad discretionary powers in permitting or limiting cross-examination. See Jennings v. United States, 364 F.2d 513 (10 Cir. 1966), cert. den. 385 U.S. 1030, 87 S.Ct. 760, 17 L.Ed.2d 677. Further, the exercise of that discretion will be overruled only upon abuse thereof which is clearly shown. See McManaman v. United States, 327 F.2d 21 (10 Cir. 1964), cert. den. Jenkins v. United States, 377 U.S. 945, 84 S.Ct. 1351, 12 L.Ed.2d 307 (1964).

As has been seen, in the instant setting the subject of the appellant's marriage and satisfactory sexual life had been raised during direct examination when he took the witness stand in his own defense. The general rule regarding cross-examination of a defendant is that it should be limited to matters embraced within the direct examination. See Lewis v. United States, 373 F.2d 576 (9 Cir. 1967), cert. den. 389 U.S. 880, 88 S.Ct. 116, 19 L.Ed.2d 173. Since the defendant raised the issue of being happily married during his direct testimony, it appears clear to us that the United States was justified in questioning him regarding that marriage on cross-examination.

Appellant claims also that the question prejudiced him in that it mentioned a previous offense under New Mexico law, i. e., aggravated battery. See Section 40A–3–5, N.M.S.A., 1953 Comp. Of course, an accused cannot be convicted upon evidence that he committed another offense, and ordinarily evidence tending to show the commission of a crime wholly separate from, independent of, and without any relation to the one laid in the indictment or information in the case on trial is not admissible. See O'Dell v. United States, 251 F.2d 704 (10 Cir. 1958); Morgan v. United States, 355 F.2d 43, 45 (10 Cir. 1966); and King v. United States, 402 F.2d 289 (10 Cir. 1968). However, this rule is not absolute. Evidence which goes toward proving a material fact in the case is admissible even if it incidentally shows that the accused committed another offense at a different time and place. If such evidence is material to any issue in the case, it should be admitted. See Fitts v. United States, 284 F.2d 108 (10 Cir. 1960); and Cram v. United States, 316 F.2d 542 (10 Cir. 1963).

Keeping this in mind, and remembering that the appellant had come forth with testimony about a satisfactory marriage, it is apparent to us that the United States did not go beyond the proper scope of cross-examination when it asked the question which is the subject of this appeal. Further, we do not find that the United States prejudiced the appellant by asking the question. Since the appellant had put in issue the fact of his satisfactory marriage, the government was entitled to rebut it, and could do so even if its evidence contained reference to another unrelated offense. Thus, we cannot perceive that the material in the question substantially affected the rights of the appellant, especially when it is remembered that the trial judge sustained the appellant's objection to the question and instructed the jury to disregard it.

Appellant's second point, wherein he contends that the sentencing court abused its discretion when it refused to allow the appellant to see the presentence report or to advise him of the contents thereof, requires little attention. It suffices to point to our previous holdings, which clearly show the question to be without merit. In the circumstances of the present case, we do not believe it was an abuse of discretion by the trial court to refuse appellant access to the pre-sentence report or the information contained therein. See Hoover v. United States, 268 F.2d 787 (10 Cir. 1959); Roddy v. United States, 296 F.2d 9 (10 Cir. 1961); Thompson v. United States, 381 F.2d 664 (10 Cir. 1967); and Cook v. Willingham, 400 F.2d 885 (10 Cir. 1968).

Affirmed.