**Truman TALK, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 74–1232.

United States Court of Appeals, Tenth Circuit.

Sept. 10, 1974.

Certiorari Denied April 21, 1975. See 95 S.Ct. 1661.

Winston Roberts-Hohl, Asst. Federal Public Defender, Albuquerque, N. M., for Truman Talk.

Richard J. Smith, Asst. U. S. Atty., Albuquerque, N. M., for USA.

Before PICKETT, Senior Circuit Judge, and SETH and McWILLIAMS, Circuit Judges.

PER CURIAM.

Appellant was convicted by jury in the United States District Court for the District of New Mexico of the crime of rape on an Indian Reservation in violation of 18 U.S.C. § 1153, and was sentenced to twenty years imprisonment with parole

eligibility set under 18 U.S.C. § 4208(a)(2). His conviction was affirmed on appeal. United States v. Talk, 418 F.2d 53 (10th Cir. 1969). He now appeals from a denial of post conviction relief by the district court. We affirm.

As grounds for relief in the district court, appellant alleged that: 1) 18 U.S.C. § 1153 is unconstitutionally vague and indefinite; 2) in view of Keeble v. United States, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973) the district court erred in not instructing the jury on lesser included offenses; and 3) the grand and petit juries in his case were not selected from a cross section of the community in which he resided.

■ Appellant's contention that 18 U.S.C. § 1153 is unconstitutionally vague and indefinite is without merit: the offense for which appellant was convicted is clearly defined by reference to state law and the penalty which may be imposed for a conviction of such offense is prescribed in paragraph 2 of § 1153. Cf. United States v. Analla, 490 F.2d 1204 (10th Cir. 1974).

■ Similarly, appellant's contention that under Keeble v. United States, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973) he was entitled to a lesser included offense instruction is without merit.[1] We have carefully and thoroughly reviewed the record of appellant's trial and, unlike Keeble, the evidence set forth in such record does not warrant a lesser included offense instruction.

■ Finally, the proper means by which to raise a challenge to both the grand and petit juries is a pre-trial motion filed pursuant to Rule 12 of the Fed.R.Crim.P. Failure to do so in the absence of exceptional circumstances constitutes a waiver of the right to challenge both the grand jury, Davis v. United States, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973) and the petit jury, Shotwell Mfg. Co. v. United States, 371 U.S. 341, 83 S.Ct. 448, 9 L.Ed.2d 357 (1963). See also, Louie v. United States, 426 F.2d 1398 (9th Cir. 1970), cert. denied 400 U.S. 918, 91 S.Ct. 180, 27 L.Ed.2d 158 (1970); United States v. Williams, 421 F.2d 529 (8th Cir. 1970). No such motion was filed in the present case, and accordingly, we find that appellant by such failure waived his right to challenge both the grand jury and the petit jury.

Upon docketing, the parties were notified that we were considering summary affirmance, and of their right to file a memorandum in support of their respective positions. Both parties took advantage of such opportunity, and we now have before us appellee's memorandum in support of summary action and appellant's memorandum in opposition to summary action. Nevertheless, after a careful and thorough review of the memoranda filed, and the records and files in this case, we are convinced that the judgment of the district court was correct.

Affirmed.

1. In Keeble, the appellant was charged with assault with intent to commit serious bodily injury and the nature of the appellant's intent was very much in issue. The Court therefore concluded that the evidence warranted a lesser included offense instruction. In the present case, however, the evidence clearly established that the victim in fact had been raped and the real issue at trial was appellant's culpability for such offense.