UNITED STATES of America,
Plaintiff-Appellee,

v.

**Truman TALK, Defendant-Appellant.**

No. 78–1468.

United States Court of Appeals,
Tenth Circuit.

Submitted March 26, 1979.

Decided May 1, 1979.

Truman Talk, pro se.

R. E. Thompson, U. S. Atty., Robert Bruce Collins, Asst. U. S. Atty., Albuquerque, N. M., for plaintiff-appellee.

Before SETH, Chief Judge, and BARRETT and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

Truman Talk appeals denial of his 28 U.S.C. § 2255 motion to vacate with respect to a sentence imposed after he was convicted of rape on an Indian reservation, in violation of 18 U.S.C. § 1153. Talk was sentenced to a 20-year prison term, subject to 18 U.S.C. § 4208(a)(2),[1] and his conviction was affirmed. *United States v. Talk*, 418 F.2d 53 (10th Cir. 1969).

The issue in this appeal is whether Talk's most recent § 2255 motion was properly dismissed as a successive postconviction mo-

---

1. The version of 18 U.S.C. § 4208(a) then in effect read as follows:

   (a) Upon entering a judgment of conviction, the court having jurisdiction to impose sen-

tence, when in its opinion the ends of justice and best interests of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may (1) desig-

tion under Supreme Court Rule 9(b) governing § 2255 proceedings, (See 28 U.S.C.A. foll. § 2255, supp. 1978), which reads:

A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.

Talk has filed numerous § 2255 motions. His initial postconviction claim challenged the statute under which he was convicted, the jury instructions and the jury selection procedures. The district court denied relief, and we affirmed. *Talk v. United States,* 509 F.2d 862 (10th Cir. 1974), *cert. denied,* 421 U.S. 932, 95 S.Ct. 1661, 44 L.Ed.2d 90 (1975).

After his first parole hearing in April 1975 failed to gain his release, Talk filed a motion in April 1976 for modification or reduction of sentence, treated as being under § 2255, alleging the parole board had failed to give his request adequate consideration. Supporting memorandum indicates Talk based his claim on an application of the less restrictive guidelines of § 4208(a)(1), rather than (a)(2), the provision under which he was sentenced, which leaves the determination to the discretion of the board of parole. The trial court denied relief, without giving reasons. We must assume the court considered the issues in light of both 18 U.S.C. § 4208(a)(2) and the new parole guidelines, effective in 1973.

Talk filed another § 2255 motion in July 1976 challenging the first parole denial, arguing once again that he should have been paroled prior to serving one-third of his sentence, under the § 4208(a)(1) guidelines.

This second motion was dismissed as successive and for failure to exhaust administrative remedies.[2]

Talk was considered for and denied parole a second time in April 1977. He filed another § 2255 motion in March 1978, alleging the same issues raised in his motions of two years before: that it was the intent of his sentencing judge to permit parole prior to serving one-third of his sentence term. The trial court dismissed the motion as successive and this appeal followed.

Supreme Court Rule 9(b) governing § 2255 motions codifies existing case law regarding successive petitions. The rule is intended in part to allow dismissal of claims purposely withheld by a defendant in an effort to obtain more than one § 2255 hearing. *Richerson v. United States,* unpub. op. No. 77–2096 (10th Cir., filed Dec. 4, 1978). In addition, Rule 9(b) permits dismissal of successive motions raising the same grounds previously asserted and denied. *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); *United States v. Stephens,* 425 F.2d 247 (10th Cir. 1970); *Walker v. Taylor,* 338 F.2d 945 (10th Cir. 1964).

■ Ordinarily, since the April 1976 motion was decided on the merits, the July 1976 and March 1978 motions alleging the same legal issues would both be dismissed as successive. Here, however, Talk became eligible for consideration and was again denied parole between his first 1976 motions under § 2255 and the 1978 motion now under consideration. The new question before us then is whether the intervening parole hearing should alter the outcome under Rule 9(b). We hold Rule 9(b) is broad enough to bar this later motion as successive.

■ A § 2255 motion is decided on the merits "if factual issues were raised in the

nate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less than, but shall not be more than one-third of the maximum sentence imposed by the court, or (2) the court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may be-

come eligible for parole at such time as the board of parole may determine.

2. We denied a request for leave to appeal *in forma pauperis* from that dismissal, an⁻¹ later dismissed his appeal to this court for lack of prosecution. The Supreme Court likewise refused to grant Talk's petition for writ of mandamus for our disallowance of his appeal *in forma pauperis.*

prior application, and it was not denied on the basis that the files and records conclusively resolved these issues, an evidentiary hearing was held." *Sanders v. United States*, 373 U.S. 1, 16, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963). In April 1976 Talk filed both a motion and memorandum supporting his position that the parole board had not given "meaningful consideration" to his application. Although the trial court gave no reasons for its dismissal, the motion raised a mixed question of fact and law with respect to his sentencing and his rights to parole. The ruling on the April 1976 motion must be considered to have been on the merits. Our court has consistently deferred to decisions by a parole board, permitting board discretion for determinations of parole eligibility. *Walker v. Taylor*, 338 F.2d 945 (10th Cir. 1964); *Leaphart v. Benson*, unpub. op. No. 78–1340 (10th Cir., filed Feb. 20, 1979). We will not review the appropriateness of denial of parole absent a showing of arbitrary and capricious action, or a misapplication of the law.

The Supreme Court indicated in *Sanders* that the burden under a § 2255 motion is on the petitioner to show "that the ends of justice would be served by permitting" redetermination of grounds rejected in an earlier motion. "If purely legal questions are involved, the applicant may be entitled to a new hearing upon showing an intervening change in the law or some other justification for having failed to raise a crucial point or argument in the prior application." 373 U.S. at 16–17, 83 S.Ct. at 1078. *See also, Galtieri v. Wainwright*, 582 F.2d 348, 358 (5th Cir. 1978). Although the parole guidelines changed in 1973, after Talk's sentencing in 1968, the same guidelines were in effect for the 1975 and 1977 parole hearings. He has alleged no changes in the law requiring review of the merits of his § 2255 motion filed in March 1978. Thus we are faced with a situation where the facts and legal issues have been considered and resolved against movant in previous § 2255 motions. The only distinction between this and any other successive motion case to which Rule 9(b) was intended to apply is the intervening parole hearing where his release was denied. No new law or facts

demonstrating arbitrary or capricious behavior on the part of the parole board have been shown. We do not think we are required to go over the same grounds every time a parole is denied to the prisoner.

We therefore hold that even though the instant motion under § 2255 pertains to a denial of parole in 1977 and the earlier § 2255 motions pertained to the 1975 parole hearing, they must be considered successive.

This dismissal of the motion is affirmed.