Michael SILBERBERG, Petitioner,

v.

U. S. PAROLE COMMISSION et al., Respondents.

Civ. No. 79–1370.

United States District Court,
M. D. Pennsylvania.

Feb. 4, 1980.

As Amended April 1, 1980.

Howard L. Jacobs, New York City, for petitioner.

Michael Silberberg, pro se.

Harry A. Nagle, Asst. U. S. Atty., Lewisburg, Pa., for respondents.

## OPINION

MUIR, District Judge.

Silberberg filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that the United States Parole Commission failed to apply properly its parole guidelines as set forth at 28 C.F.R. § 2.20. The case was referred to United States Magistrate Quinn to conduct necessary proceedings and to make his report and recommendation to the Court. A rule to show cause was issued on November 7, 1979 and the respondents filed an answer on November 27, 1979 which was supplemented by an affidavit filed on November 29, 1979. Silberberg filed a traverse on December 6, 1979. Because of the lengthy illness of Magistrate Quinn, of which the Court became aware in January, 1980, the case has been reassigned to the Court which will rule on Silberberg's petition without the benefit of a Magistrate's report. For the reasons which follow, the Court will conditionally grant Silberberg's petition and direct that the Parole Commission hold a new parole hearing.

The facts underlying Silberberg's petition are not in dispute. On March 14, 1975 Silberberg was sentenced to a term of imprisonment of one year following his conviction of mail fraud charges in the United States District Court for the Eastern District of New York. Silberberg was released on bail. He failed to surrender to the U.S. Marshal on October 30, 1975 as ordered. He was at large until March 30, 1977 at which time he was taken into custody and began serving the one-year prison term.

On July 29, 1977 Silberberg was sentenced to a term of imprisonment of 15 months following his conviction of conspiracy and interstate transportation of forged securities in the United States District Court for the Southern District of New York. That sentence was imposed to run consecutively to the earlier sentence.

On May 23, 1978, Silberberg was sentenced to four years imprisonment in the United States District Court for the Eastern District of New York for failure to appear for the commencement of his one-year sentence on October 30, 1975. This sentence was directed to run concurrently with the previous sentences.

Pursuant to the policy of the Parole Commission, the three sentences were aggregated to a new term of five years, two months and 23 days beginning on March 31, 1977, the date Silberberg first was incarcerated. This date was arrived at by adding the four year sentence for bail jumping to the one year, two months and 23 days Silberberg had served on the consecutive sentences.

On January 25, 1978, the Parole Commission held an initial parole hearing for Silberberg. At that time, the sentence for bail jumping had not been imposed. The Commission determined to continue Silberberg until the expiration of his sentences for mail fraud, conspiracy and interstate transportation of forged securities.

On February 28, 1979, Silberberg reapplied for parole following his sentencing for bail jumping. Pursuant to Commission regulations, the Commission reopened Silberberg's case for a new hearing to consider the additional sentence and to reevaluate his case. 28 C.F.R. § 2.28 (1979). Silberberg appeared for his parole hearing on March 29, 1979 and by Notice of Action dated April 12, 1979, Silberberg was informed that he had been given a presumptive parole date of July 31, 1980. The Commission reached this decision on the basis of its guidelines at 28 C.F.R. § 2.20 (1978). The Commission utilized the greatest I severity range because of Silberberg's conviction on multiple charges and because the face value of the counterfeit securities in-

volved was over $500,000. Silberberg also had a salient factor score of 10 and the Commission's guidelines indicated a term of imprisonment of 40 to 55 months before release on parole was warranted. The Commission saw no reason to deviate from the guidelines. This decision was affirmed on appeal to the National Appeals Board by Notice of Action dated September 24, 1979. The decision by the National Appeals Board was the final administrative decision available to Silberberg leaving a petition for a writ of habeas corpus as his only recourse to challenge the Commission's decision. *See United States ex rel. Sanders v. Arnold*, 535 F.2d 848, 850–51 (3d Cir. 1976).

Silberberg argues that the Parole Commission's decision to base his offense severity on his fraud, conspiracy and forged securities convictions was improper because those sentences expired on January 19, 1979. He argues that the only offense that should have been considered to assign offense severity was the bail jumping conviction. Using that offense and Silberberg's salient factor score, the guidelines provided for a maximum of 16 months incarceration. 28 C.F.R. § 2.20 (1978).

■ The Commission argues that its consideration of all the crimes for which Silberberg was convicted is authorized by statute and a long line of court decisions. On close examination, however, the Commission's claim does not withstand analysis. The Court recognizes that 18 U.S.C. § 4205(a) provides that a prisoner is eligible for parole after completing one-third of the term or terms he is serving. This, however, does not address the issue of how the Commission may treat those terms when making a parole decision. Section 4205(a) provides only the time at which a person is eligible for parole consideration but says nothing further. The date of Silberberg's parole eligibility is not at issue in this case and the affidavits submitted by the Commission in support of its position address only the question of parole eligibility and are not, therefore, relevant to the issue raised by Silberberg.

The Commission also points to 18 U.S.C. § 4161 as statutory authority. That section is concerned with the computation of good time and provides for that purpose that consecutive sentences shall be aggregated. This provision benefits a prisoner because the number of days of good time accrued for each month of confinement is greater for longer sentences than it is for shorter terms of imprisonment. *Schoffner v. United States Board of Parole*, 416 F.Supp. 759, 761 (M.D.Pa.1976), *aff'd without opinion*, 547 F.2d 1164 (3d Cir. 1977).

Of the several cases cited by the Commission, the only one supporting its contention that it is proper to consider an expired sentence in computing the offense severity is *Smaldone v. United States*, 458 F.Supp. 1000, 1004 (D.Kan.1978). In that case, the Court relied on *Walker v. Taylor*, 338 F.2d 945 (10th Cir. 1964) for the proposition that it is proper to aggregate sentences in determining parole eligibility. *Walker*, however, was a case in which consecutive, not concurrent, sentences were aggregated. In addition, the aggregation of sentences for the determination of parole eligibility is not the same as the aggregation of sentences to determine the basis of parole. The Court in *Smaldone* cited no authority for its ruling that the Commission may consider expired sentences in utilizing the guidelines at 28 C.F.R. § 2.20. It merely cited cases acknowledging the Commission's right to consider prior criminal behavior. *Smaldone v. United States*, 458 F.Supp. 1000, 1004–05 (D.Kan.1978).

■ The issue in this case is not whether the Commission may consider prior criminal activity in setting a parole date. The issue is how prior convictions may be used in connection with the guidelines at 28 C.F.R. § 2.20. The Court concludes that the Commission, by promulgating the regulations at 28 C.F.R. § 2.20, has limited the use to which Silberberg's prior convictions may be put. The salient factor score provides for the consideration of past convictions. On a prior occasion, this Court has prohibited the Commission from using prior convictions to reduce a prisoner's salient factor score and

then relying on those convictions to hold a prisoner beyond the time indicated by the guidelines. *McCrimmon v. United States Parole Commission*, Civil No. 78–456 (M.D.Pa. Feb. 27, 1979). This was prohibited because it had the effect of penalizing the prisoner twice for the same conviction. Similarly, the Court is of the view that the offense severity table at 28 C.F.R. § 2.20 may only be used to determine the offense severity of sentences a prisoner is currently serving. The purpose of the offense severity component of the parole guidelines is to gauge the seriousness of the offense or offenses for which the prisoner is incarcerated. The salient factor score is used to determine in a more general way whether the prisoner is a good parole risk. This is evident from the salient factor score sheet set forth at 28 C.F.R. § 2.20 which lists things such as prior convictions and prior incarcerations as factors to consider.

Once a prisoner has served his term of incarceration, the Commission may not consider that crime in determining offense severity for another crime. It is irrelevant if upon expiration of the first sentence the prisoner is released from custody or is confined for the service of an additional sentence. In both situations the only sentence from which he can be paroled is the sentence that has not expired. It follows that in determining a parole date under the guidelines, the only relevant offense severity is the one applicable to that crime. Otherwise, the Commission is, in effect, holding a prisoner in custody beyond the term of imprisonment originally imposed. For example, Silberberg was sentenced to a total of 27 months for mail fraud, conspiracy, and transportation of forged securities. The Commission, purportedly in determining the length of incarceration for bail jumping, has in fact decided to hold Silberberg for 40 months on the sentences which total only 27 months. This is evident from the Commission's notice of action which recites only the seriousness of these offenses as the reason for the parole date of July 31, 1980 and does not mention bail jumping at all.

Silberberg's first term of imprisonment for fraud had a mandatory release date of January 29, 1978 and the full term expired on March 30, 1978. His second conviction for conspiracy and interstate transportation of forged securities had a mandatory release date of January 19, 1979 and the full term expired on June 30, 1979. The Court, therefore, is of the view that the Commission could not consider the first conviction at the time of Silberberg's second parole hearing because as of that date he had completely served his term of imprisonment and there was, consequently, no term from which he could be par ˉ .. With respect to the second conviction, it appears that since Silberberg's mandatory release date had passed by the time the Commission took action on his parole application, it was improper for the Commission to consider the offense severity of that conviction in determining Silberberg's eligibility for parole. In any event, Silberberg's full term had expired by the time the Commission took final action on his case on September 24, 1979. The Commission, of course, is free to use those two convictions in computing Silberberg's salient factor score.

Because the Court has determined that the Parole Commission improperly utilized its guidelines at 28 C.F.R. § 2.20 in determining Silberberg's parole date, it will order Silberberg released on parole unless the Commission holds a new parole hearing for Silberberg by March 1, 1980. See *Drayton v. McCall*, 584 F.2d 1208, 1214 (2d Cir. 1978); *Billiteri v. United States Board of Parole*, 541 F.2d 938, 944 (2d Cir. 1976).