Bruce A. RONNING, Petitioner,

v.

UNITED STATES of America, Respondent.

Civ. No. 82–0137.

United States District Court, M. D. Pennsylvania.

May 13, 1982.

Bruce A. Ronning, pro se.

Frederick A. Martin, Lewisburg, Pa., for United States.

OPINION

MUIR, District Judge.

I. Introduction.

A. Procedural History.

Petitioner Bruce A. Ronning filed this action pursuant to 28 U.S.C. § 2255 and § 2241 on January 22, 1982, requesting habeas corpus relief and vacation of his criminal sentence. On that date, Ronning's petition was docketed by the Clerk of Court as an action pursuant to 28 U.S.C. § 2255. By order of February 3, 1982, this Court determined that Ronning's petition pursuant to 28 U.S.C. § 2255 was legally frivolous because Ronning challenged not the actions of this Court in imposing Ronning's criminal sentence but the actions of the United States Parole Commission in allegedly improperly considering certain of Ronning's criminal activities in denying his application for parole. The Court dismissed Ronning's § 2255 petition and directed the Clerk of Court to file Ronning's petition as one for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

By order of February 10, 1982, after giving preliminary consideration to Ronning's § 2241 petition, the Court directed the Respondent to show cause why habeas corpus relief should not be granted. On March 2, 1982, the Respondent filed a return and answer to the Court's Rule to Show Cause and a brief in opposition to Ronning's petition. Ronning filed a traverse to the Respondent's brief on March 8, 1982. By order of March 17, 1982, this Court determined that the Respondent's brief was inadequate in that it failed to respond to several of Ronning's allegations in his petition. The Respondent was directed to file a supplemental brief. On April 1, 1982, the Respondent filed a supplemental brief in opposition to Ronning's petition. On May 4, 1982, Ronning filed a traverse to the Respondent's supplemental brief. The matter is now ripe for disposition.

B. Relevant Facts.

The relevant facts with respect to Ronning's criminal history and the instant petition are not in dispute. In 1974, Ronning was convicted in the United States District Court for the District of Maryland of one count of transferring and converting funds with the intent to defeat bankruptcy laws, one count of failure to appear pursuant to bail conditions and six counts of making false statements on loan and credit applications. On October 2, 1974, Ronning was sentenced by Judge Herbert L. Merray to a 5-year term of imprisonment on the bankruptcy fraud count and a two-year consecutive term of imprisonment on the failure to appear count. Execution of sentence on the six counts of making false statements in loan and credit applications was suspended by Judge Merray and Ronning was placed on probation for five years to begin on expiration of the term of imprisonment. On May 2, 1978, Ronning was released on parole from his aggregate seven-year sentence and was ordered to remain under parole supervision until May 6, 1981.

On June 13, 1980, Ronning was convicted in the United States District Court for the Middle District of Pennsylvania of five counts of mail fraud in violation of 18 U.S.C. § 1341 and three counts of fraud by wire in violation of 18 U.S.C. § 1343. On June 20, 1980, Ronning was sentenced by this Court to two consecutive 3½ year terms of imprisonment for mail fraud and wire fraud.

On May 21, 1980, Ronning pled guilty in the United States District Court for the Middle District of Pennsylvania to three counts of bank fraud in violation of 18 U.S.C. § 1014. On July 15, 1980, Ronning was sentenced by Judge William Nealon to a term of imprisonment of two years on each of three convictions for bank fraud. The sentences on each of the three counts of bank fraud were to run concurrently with one another and concurrently with the sentence imposed by this Court on June 20, 1980. This resulted in a total sentence for Ronning of 7 years of imprisonment.

On July 28, 1980, the Parole Commission was advised of Ronning's new federal convictions. On August 5, 1980, the Parole Commission issued a parole violation warrant against Ronning for these new federal convictions. On October 20, 1980, Ronning received a combination initial parole hearing and a dispositional parole revocation hearing. As a result of this hearing, Ronning's parole granted May 2, 1978 was revoked and the Parole Commission determined that Ronning forfeit the time he spent on parole. The Parole Commission further determined that Ronning's incarceration was to continue to the expiration of his combined parole violation term and new federal sentences. The Parole Commission's action was affirmed by the Regional Commissioner on July 23, 1981 and was affirmed by the National Appeals Board on December 7, 1981.

Ronning filed this petition on February 4, 1982. Upon review of Ronning's petition, the Regional Counsel for the Parole Commission noted that Ronning's claim of incorrect offense severity rating determination might have merit. Consequently, the Regional Counsel referred this case to the Northeast Regional Office of the Parole Commission. The Regional Office deferred

to the advice of Regional Counsel and on February 24, 1982, Ronning's case was reopened pursuant to 28 C.F.R. § 2.28(a). By order of March 17, 1982, this Court determined that the reopening by the Parole Commission of Ronning's case did not mandate that Ronning again exhaust administrative remedies prior to filing a petition for habeas corpus relief. *See DiNapoli v. United States Parole Commission, et al.,* 676 F.2d 684 (3d Cir. 1982). Pursuant to the Parole Commission's reopening of Ronning's case, on April 5, 1982, Ronning was afforded a new initial hearing by the Parole Commission. As a result of that hearing, the Parole Commission found that the combination of Ronning's new offenses and parole violation behavior resulted in a "high" offense severity rating. Ronning's salient factor score was computed as "8." Parole Commission guidelines for cases in Ronning's category dictated a range of confinement from 14 to 20 months. However, as a result of certain aggravating factors, the Parole Commission made a decision to extend Ronning's incarceration for 12 months "above the guidelines" and to continue Ronning's incarceration for a total of 32 months with a presumptive parole date of February 17, 1983. The Parole Commission's decision was affirmed by the Northeast Regional Office on April 26, 1982.

Despite the Parole Commission's revised position with respect to Ronning's parole application, Ronning indicates he wishes to pursue his petition for an immediate writ of habeas corpus. The bases for Ronning's petition are that (1) the Parole Commission erred in computing Ronning's offense severity rating and (2) the Parole Commission erred in going "above the guidelines" with respect to Ronning's parole.

## II. Review of the Parole Commission's Actions.

 In order for this Court to overturn the Parole Commission's determination of Ronning's new presumptive release date, this Court must find that there was no rational basis in the record for the Parole Commission's actions. *Zannino v. Arnold,* 531 F.2d 687 (3d Cir. 1976). The reasoning of the Parole Commission in determining that Ronning's incarceration should continue to a presumptive release on parole after service of 32 months is stated in the Parole Commission's April 26, 1982 Notice of Action. The Notice of Action explains as follows:

> Your new offense/parole violation behavior has been rated as high severity because the combined fraud amounted to $26,000.00. Your salient factor score is 8. You have been in custody a total of 21 months. Guidelines established by the Commission for adult cases which consider the above factors indicate a range of 14–20 months to be served before release for cases with good institutional program performance and adjustment. After review of all relevant factors and information presented, a decision above the guidelines appears warranted because your offense behavior involved the following aggravating factors: The first of your two new crimes commenced only four months after release on parole; Also, you are a poorer risk than indicated by your salient factor score in that you have [now] been convicted of five fraud-type offenses.

### A. Ronning's Offense Severity Rating.

When the Parole Commission recomputed Ronning's offense severity rating, the Parole Commission determined that Ronning should receive a "high" offense severity rating because "the combined fraud amounted to $26,000.00." This action of the Parole Commission is consistent with 28 C.F.R. § 2.20 which provides as an example of a "high" offense severity rating "property offenses (theft, forgery/fraud/embezzlement/interstate transportation of stolen or forged securities/income tax evasion/receiving stolen property $20,000–$100,000)."

Ronning concedes that his conviction and sentence before Judge Nealon for bank fraud involved in excess of $24,000. While Ronning contests the fact that his mail fraud and fraud by wire convictions involved any money, if the Parole Commission

can properly consider Ronning's bank fraud conviction in determining Ronning's offense severity rating, the "high" offense severity rating is justified. It is Ronning's position that his bank fraud conviction expired prior to April, 1982 when the Parole Commission computed Ronning's new offense severity rating. Relying on the case of *Silberberg v. the United States Parole Commission,* 483 F.Supp. 1280 (M.D.Pa.1980), Ronning concludes that the Parole Commission acted improperly in considering Ronning's bank fraud conviction.

In *Silberberg,* this Court was concerned that the Parole Commission would consider a parole applicant's crimes *twice* in determining parole eligibility. In order to avoid this double consideration of the applicant's crimes, the Court determined that an expired sentence could be used in computing only the applicant's salient factor score, but not the offense severity rating. 483 F.Supp. at 1283. Subsequent to this Court's decision in *Silberberg,* the Parole Commission amended its regulations with respect to consideration of expired sentences. *See* 45 Fed.Reg. 44924–44925 (July 2, 1980). The Parole Commission's new regulation rejects this Court's opinion in *Silberberg* and adopts the position set forth in the cases of *Walker v. Taylor,* 338 F.2d 945 (10th Cir. 1964) and *Smaldone v. United States,* 458 F.Supp. 1000 (D.Kan.1978). *See* 45 Fed. Reg. 44925. Under the Parole Commission's new regulations, an offender's offenses "for which he is currently confined" will be considered only in computing the offense severity rating and not the salient factor score. The regulations state as to sentence aggregation:

When multiple sentences are aggregated by the Bureau of Prisons pursuant to 18 U.S.C. §§ 4161 and 4205, such sentences are treated as a single aggregate sentence for the purpose of every action taken by the [Parole Commission] pursuant to its Rules, and the prisoner has a single parole eligibility date as determined by the Bureau of Prisons.

Under this regulation, Ronning is "currently confined" for his bank fraud conviction as well as for mail fraud and fraud by wire. More important is the addition of "General Note E" which states:

In cases where multiple sentences have been imposed (whether consecutive or concurrent and whether aggregated or not) an offense severity rating shall be established to reflect the overall severity of the underlying criminal behavior. This rating shall apply whether or not any of the component sentences has expired.

The effective date of these new regulations for the Parole Commission is August 1, 1980. Absent compelling circumstances, this Court is bound by the Parole Commission's new regulations. *E.g. Red Lion Broadcasting Co., Inc. v. FCC,* 395 U.S. 367, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969); *Lucas Coal Co. v. Interior Board of Mine Operations,* 522 F.2d 581 (3d Cir. 1975).

In this Court's recent opinion in *Di-Napoli v. United States Parole Commission,* 538 F.Supp. 658 (M.D.Pa.1982), this Court found such compelling circumstances. Accordingly, this Court held that the Parole Commission's new regulations should not be applied to the petitioner's parole application since use of the Parole Commission's revised regulations would constitute a violation of the *ex post facto* clause of the United States Constitution. No *ex post facto* clause argument may be made by Ronning in this case. Ronning's most recent parole hearing in April of 1982 took place almost two years after the Parole Commission's revised regulations went into effect. Furthermore, Ronning's bank fraud conviction had not expired by April of 1982. Ronning argues that under Parole Commission mandatory release rules, the term of imprisonment for Ronning's bank fraud conviction had expired prior to his April 1982 parole hearing. Nonetheless, Ronning was sentenced to two years of incarceration for bank fraud on July 15, 1980. Thus, even assuming the propriety of Ronning's interpretation of the meaning of "expiration" of a sentence, Ronning's bank fraud conviction sentence would not have expired until July of 1982, several months after the April 1982

parole hearing. For these reasons, the Court's reasoning in *DiNapoli* and *Silberberg* does not apply to Ronning's petition.

The Parole Commission committed no error in determining that Ronning has a "high" offense severity rating.

### B. The Parole Commission's Decision to "Go Above the Guidelines."

 The Parole Commission's decision to "go above the guidelines" was justified on the basis that (1) the first of Ronning's new crimes commenced only four months after Ronning's original release on parole and (2) Ronning has had several fraud-type convictions. 28 C.F.R. § 2.20(c) provides that where the circumstances so warrant, a decision above the guidelines may be rendered. The Parole Commission may enter a decision above the guidelines where the prisoner has a propensity repetitively to commit the same type of offenses. *See Stroud v. United States Parole Commission,* 668 F.2d 843, 846–47 (5th Cir. 1982) (pattern of fraudulent behavior); *McGee v. Aaron,* 523 F.2d 825, 826 (7th Cir. 1974) (repetitive record of auto theft convictions). *Brach v. Nelson,* 472 F.Supp. 569 (D.Conn.1979) (repetitive record of theft).

Relying on this Court's decision in *McCrimmon v. United States Parole Commission,* No. 78–456 (M.D.Pa. February 27, 1979), Ronning asserts that he lost one point on his salient factor score because he had a prior conviction and one point because he was on parole at the time of the instant offense and that the Commission then used these same factors to continue him over the guidelines. It is "irrational" for the Parole Commission to consider the seriousness of an offense both to determine the guidelines and then to determine that a decision over the guidelines is justified. *E.g. Lupo v. Norton,* 371 F.Supp. 156 (D.Conn.1974). However, aggravated circumstances of an offense might justify a decision of "above the guidelines." *Lupo,* 371 F.Supp. at 162. In essence, it was not Ronning's prior convictions that were the bases of a decision to go over the guidelines but the recidivistic nature of Ronning's fraudulent criminal activity that justified such a decision.

 The Parole Commission's decision to go "above the guidelines" was not improper.

### III. Conclusion.

The Court finds the Parole Commission's actions in computing Ronning's offense severity rating as "high", Ronning's salient factors score as "8", and deciding to go "above the guidelines" for a total term of incarceration of 32 months do not constitute arbitrary and capricious action on the part of the Parole Commission. Ronning's habeas corpus petition will therefore be denied.

An appropriate order will be entered.