930 F.2d 35
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bernard J. McINTYRE, Defendant-Appellant.
 No. 89-6438.
 United States Court of Appeals, Tenth Circuit.
 March 1, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant appeals from an order of the district court denying his motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. Sec. 2255. We affirm the district court's denial of the motion on the ground that it is successive.
 
 
 3
 Defendant was convicted of one count of conspiracy to distribute cocaine and five counts relating to possession, distribution, and use of a telephone to facilitate distribution of cocaine. On direct appeal, this court reversed the conspiracy conviction and affirmed the other convictions. United States v. McIntyre, 836 F.2d 467 (10th Cir.1987). Defendant filed a petition for rehearing alleging that the coconspirator hearsay statements were inadmissible. Rehearing was denied.
 
 
 4
 Defendant then filed his first section 2255 motion in the district court. He contended, inter alia, that because this court determined there was no conspiracy, it was error to allow coconspirator hearsay statements into evidence. Denying the motion, the district court determined that there was no merit to the contention and that defendant failed to show cause for failing to raise the issue on direct appeal.
 
 
 5
 Rather than appealing the denial of section 2255 relief, defendant filed a second section 2255 motion in the district court alleging (1) the hearsay evidence was improperly admitted; (2) the FBI and government knew no conspiracy existed but used the conspiracy count to achieve convictions for the other counts; and (3) the jury convicted him based on tainted evidence. The district court denied the motion as successive after determining these issues previously had been raised and decided against defendant. Defendant appealed.
 
 
 6
 After carefully examining the briefs and record on appeal, we conclude the district court did not abuse its discretion in dismissing defendant's second section 2255 motion as successive. See Sanders v. United States, 373 U.S. 1, 18 (1963). The second motion raised the same ground previously asserted and denied by the first motion. See United States v. Talk, 597 F.2d 249, 250 (10th Cir.1979).
 
 
 7
 Defendant's motion for leave to proceed on appeal without prepayment of costs or fees is GRANTED. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3