947 F.2d 954
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Elmer Leander QUINN, Defendant-Appellant.
 No. 91-6025.
 United States Court of Appeals, Tenth Circuit.
 Oct. 24, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Elmer Leander Quinn appeals the denial of his petition under 28 U.S.C. § 2255, which challenged his conviction for conspiracy to distribute heroin in violation of 21 U.S.C. § 846 and the sentence imposed by the court. Petitioner makes a double jeopardy argument based on the involvement in his federal conviction of a state prosecutor who negotiated, in state court, a guilty plea agreement by which petitioner was convicted of cocaine possession. He also alleges ineffective assistance of counsel based upon counsel's failure to raise the above-mentioned double jeopardy issue and counsel's alleged failure to bring to the attention of the sentencing court that petitioner had been pardoned on one of his state crimes. Finally, petitioner argues that, contrary to his testimony in his federal sentencing proceeding, he had not read his presentence report.
 
 
 3
 Petitioner raised inadequacy of counsel and double jeopardy, including the involvement of the state prosecutor in his federal prosecution, in an earlier § 2255 proceeding. These contentions were discussed in detail and rejected in the district court opinion of May 15, 1989, see I R. tab 756, which was affirmed by this court. See United States v. Quinn, No. 89-6251 (10th Cir. March 21, 1990). Clearly as to these issues the new petition is successive and must be dismissed, even though petitioner attempts to put a slightly different spin on his arguments. See Andrews v. Deland, Nos. 89-4104, 89-4109, 90-4145, slip op. at 14 (10th Cir. Aug. 23, 1991) (successive petition properly dismissed because it raised claim already determined on merits in previous habeas petition); United States v. Talk, 597 F.2d 249, 250 (10th Cir.1979) (Supreme Court Rule 9(b) governing § 2255 motions "permits dismissal of successive motions raising the same grounds previously asserted and denied") (citing Sanders v. United States, 373 U.S. 1 (1963)).
 
 
 4
 Petitioner attempts to raise a new argument about his pardon on one of his several prior convictions and its possible effect on his sentence, and the issue whether he read the presentence report, which apparently is his excuse for not bringing to the attention of his counsel and the court the fact he had been pardoned on one listed conviction. A recent Supreme Court decision articulates the "cause and prejudice" standard for determining if an issue raised for the first time in a successive petition is abuse of the writ. McCleskey v. Zant, 111 S.Ct. 1454 (1991).
 
 
 5
 To excuse his failure to raise the claim earlier, he must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in our procedural default decisions.... If petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim.
 
 
 6
 Id. at 1470. Petitioner has shown no cause for not having raised the argument in his earlier petition, so we need not address the issue of prejudice. The only remaining question is whether petitioner has shown that a "fundamental miscarriage of justice" will occur if the merits of the successive petition are not heard. The burden is on petitioner to make a "colorable showing of factual innocence." McCleskey at 1471 (quoting Kuhlman v. Wilson, 477 U.S. 436, 454) (plurality opinion). Petitioner has made no such showing; therefore, presentation of the issue at this time constitutes an abuse of the writ.
 
 
 7
 We deny petitioner's motions for production of sentencing transcripts, for remand, and for stay of proceedings.
 
 
 8
 AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3