968 F.2d 21
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Mirkazem CHAVUSHPOUR, also known as Joe Tarah, also known as
Joe Pour, Defendant-Appellant.
 No. 91-6377.
 United States Court of Appeals, Tenth Circuit.
 June 29, 1992.
 
 Before JOHN P. MOORE, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant appeals the district court's order denying his motion for habeas relief, 28 U.S.C. § 2255, from his federal conviction for conspiracy to distribute cocaine, 21 U.S.C. § 846, entered following Defendant's guilty plea. In this § 2255 motion, Defendant asserted two claims: (1) the government breached the plea agreement between Defendant and the government when the United States Parole Commission (Commission), in determining Defendant's parole eligibility, considered the prosecution's version of the offense included in the presentence report, which incorporated information Defendant gave the government pursuant to the plea agreement; and (2) defense counsel provided ineffective assistance due to an actual conflict of interest. Upon consideration of the record and the parties' briefs, we affirm.
 
 
 3
 Defendant first argues that the Commission, in determining Defendant's parole eligibility, considered information in the presentence report which Defendant divulged to the government after his guilty plea and pursuant to Defendant's agreement to cooperate with the government. He asserts that the Commission's consideration of this information violated the plea agreement.
 
 
 4
 In a previous § 2255 motion, Defendant argued that the prosecution had breached the plea agreement by including this information in the presentence report. The district court denied relief and this court affirmed. See United States v. Chavushpour, No. 89-6117, slip op. at 2 (10th Cir. Feb. 27, 1991) (unpublished). Because the Commission is entitled to rely on any information included in the presentence report to determine parole eligibility, see generally United States v. Gattas, 862 F.2d 1432, 1434 (10th Cir.1988), Defendant essentially has reasserted the same claim he pursued in his first § 2255 motion. The district court, therefore, did not err in declining to address this claim as successive. See 28 U.S.C. § 2255 ("The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."); see also United States v. Talk, 597 F.2d 249, 249-50 (10th Cir.1979) (citing Rule 9, Supreme Court Rules Governing § 2255 Proceedings).
 
 
 5
 Defendant's second claim for relief is that his attorney provided ineffective assistance of counsel due to an actual conflict of interest. Although Defendant asserted an ineffective assistance claim in his first § 2255 motion, he did not allege ineffectiveness due to a conflict of interest. In this second § 2255 proceeding, Defendant asserts that he could not have raised this claim in his first § 2255 motion because he did not then possess information tending to establish the existence of an actual conflict. The district court considered the merits of the conflict of interest claim.
 
 
 6
 In support of this claim, Defendant asserts that his defense counsel provided ineffective assistance due to a conflict of interest resulting from the attorney's simultaneous representation of both Defendant and the government's key witness against Defendant. Prior to Defendant's scheduled trial date, however, the trial court held a hearing on the potential conflict of interest presented by counsel's representation of both of these individuals. Following that hearing, Defendant executed a written waiver of his "right to counsel free from conflict of interest" and reaffirmed his desire to be represented by that particular attorney.[1] "An ineffectiveness-due-to-conflict claim is waived if defendant 'consciously chose to proceed with trial counsel, despite a known conflict to which the defendant could have objected but chose to disregard.' " Moore v. United States, 950 F.2d 656, 660 (10th Cir.1991) (quoting United States v. Winkle, 722 F.2d 605, 612 n. 12 (10th Cir.1983)).
 
 
 7
 Defendant asserts, however, that that waiver was not a knowing and voluntary waiver because, at the conflict hearing, he was told that his attorney had represented the government witness before, that the attorney might represent the witness in the future, and that the attorney and the witness had been acquaintances for a number of years. Defendant asserts that he has now discovered that his attorney never officially withdrew from the witness' case and, therefore, was representing the witness at the same time the attorney was representing Defendant. In light of this discovery, Defendant asserts that, at the time of his waiver, while he was aware of a potential conflict, he was unaware of an actual conflict. Defendant's distinctions between a potential and an actual conflict, in the circumstances of this case, are not sufficient to persuade us that Defendant's waiver was other than knowing and voluntary. Defendant's other arguments challenging the knowing and voluntary nature of the waiver are likewise unavailing.
 
 
 8
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 A week after that hearing, the trial court appointed the Federal Public Defender to represent Defendant as co-counsel. Defendant does not challenge the representation provided by the Federal Public Defender