636 F.2d 1190
 Arlin Zelo McCLANAHAN, Plaintiff-Appellant,
v.
R. T. MULCROME, Commissioner, U. S. Parole Commission, North
Central Region, KCI Bank Building, 8800 N.W. 112th
Street, Kansas City, Mo. 64153, and the
United States of America,
Defendants-Appellees.
 No. 80-1285.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 28, 1980.
 
 Robert E. Hart, Independence, Mo., for plaintiff-appellant.
 Before SETH, Chief Judge, and PICKETT and SEYMOUR, Circuit Judges.
 PER CURIAM.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from an order of the district court dismissing appellant McClanahan's petition for writ of mandamus, which seeks to compel reinstatement of a presumptive parole date. The relevant facts follow.
 
 
 3
 Appellant, who is presently incarcerated in the United States Penitentiary at Leavenworth, Kansas, was convicted in federal district court of interstate transportation of a stolen vehicle and of making a false statement while applying for a loan. His codefendant Ronald Giltner was also convicted. Appellant was sentenced to five years in prison and Giltner to three years. On February 20, 1979, appellant was given his initial parole hearing. The hearing examiners placed appellant's offense severity in the "high" category and informed him that they would recommend a presumptive parole date of June 17, 1980.
 
 
 4
 Subsequently, on March 2, 1979, appellant was notified that his case was being reopened to reconsider the severity level of his offense. On May 3, 1979, appellant's offense severity was changed to "very high" and his presumptive parole date was continued until October 17, 1981, which on appeal was modified to April 17, 1981. After exhausting his administrative remedies, appellant filed this petition for writ of mandamus to compel reinstatement of the June 17, 1980 parole date.
 
 
 5
 The essence of appellant's argument is that the Parole Commission could not, under its own regulations, reopen his case. The regulation in question states as follows:
 
 
 6
 Notwithstanding the appeal procedure of §§ 2.25 and 2.26, the appropriate Regional Commissioner may, on his own motion, reopen a case at any time upon the receipt of new information of substantial significance and then may take any action authorized under the provisions and procedures of Section 2.25. Original jurisdiction cases may be reopened upon the motion of the appropriate regional commissioner under the procedures of Section 2.17. (Emphasis added.)
 
 
 7
 28 C.F.R. § 2.28 (1978). Appellant asserts that the Commission was not in receipt of "new information," thus making the reopening of his case invalid under the regulation.
 
 
 8
 The Regional Commissioner argues that there was an error originally in assessing the severity rating of appellant's offenses under the guidelines. The "substantial difference" between the parole decision in codefendant Giltner's case ("very high" severity) and in petitioner's case ("high severity") was brought to his attention following an "objection" by the sentencing judge. The Commissioner's conclusion that the difference in the parole decisions and the apparent error in the severity rating for appellant constituted "new information" appears to be a typical event of construction and application by an agency of its own regulation. The discovery of an error in the severity rating and the disparity in parole decisions as to codefendants can be considered as "new" when the elements are brought together before the Commissioner. A reasonable reading of the regulation would be that "receipt" of new information refers to receipt by the Commissioner.
 
 
 9
 We will not review the appropriateness of denial of parole absent the showing of arbitrary and capricious action or misapplication of the law. United States v. Talk, 597 F.2d 249, 251 (10th Cir. 1979); Dye v. United States Parole Commission, 558 F.2d 1376 (10th Cir. 1977).
 
 
 10
 We are not persuaded that the agency's conclusion, that the information received was "new information," is arbitrary or capricious. In construing an administrative regulation, we must look to the administrative construction given to the meaning of the language used in the regulation. Such interpretation is controlling unless plainly erroneous or inconsistent with the regulation. Dawson v. Andrus, 612 F.2d 1280, 1283 (10th Cir. 1980). The record does not demonstrate that the Commission acted in a clearly erroneous manner when it interpreted its own regulation to conclude that the disparity in parole treatment was "new information".
 
 
 11
 Accordingly, the judgment of the district court is affirmed. The mandate shall issue forthwith.