911 F.2d 736
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael NORWOOD, Petitioner-Appellant,
v.
Edward BRENNAN, Respondent-Appellee.
 No. 89-2666.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 28, 1990.*
Decided Aug. 16, 1990.
 
 Before POSNER, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Pro se appellant Michael Norwood appeals from the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2241. Norwood claims that the United States Parole Commission (the Commission) relied upon adverse information at his rehearing which it was precluded from considering because of its failure to rely upon that information during his initial parole hearing. For the reasons set forth below, we affirm.
 
 I.
 
 2
 Norwood is currently serving an aggregate twenty-five year sentence on two robbery convictions. At his parole hearing in 1984, the Commission continued Norwood for a ten-year reconsideration hearing. The basis of that decision was a Category Eight severity rating under the guidelines for an attempted murder in one of the robberies; the guideline range for attempted murder was 150 + months. Norwood brought a petition for habeas relief in the Middle District of Pennsylvania, challenging the Commission's calculation of his offense severity rating. The Magistrate, in a motion for reconsideration of an order denying that petition, recommended to the district court judge that the Commission conduct a rehearing, because since the time of the initial hearing Norwood allegedly had been acquitted of the attempted murder charge. The Commission then voluntarily reopened the case and held another parole hearing.[1]
 
 
 3
 At this rehearing, the Commission rated Norwood's offense at a Category Seven severity level, finding that the bank robbery involved assault and the intent to do serious bodily injury. Norwood had stated at that hearing that he had fired shots at police officers after each robbery, but that he did not intend to kill the officers; he also stated that he assaulted two bank employees during one of the robberies. The applicable guideline range for Category Seven is 78 to 110 months. However, the Commission found that Norwood deserved an incarceration period outside of the guidelines. The explanation given in the Commission's Notice of Action stated:
 
 
 4
 In addition to the assault with intent to cause serious bodily injury to a police officer by you and your codefendants firing approximately 14 shots at him after the bank robbery of September 23, 1980, three bank employees were assaulted during the two bank robberies. You and your codefendant also fired two shots each at a police officer while attempting to flee from the bank robbery of May 5, 1980. Also, you were on bond from the first bank robbery when you committed the second one. You are a more serious risk than indicated by your salient factor score in that you have a repetitive history of assaultive behavior that includes convictions for: Armed robbery--February 9, 1976; Armed robbery--June 22, 1976....
 
 
 5
 Norwood's sentence was continued to expiration.[2]
 
 
 6
 Norwood brought the current habeas petition in the Western District of Wisconsin, claiming that because the information which the Commission relied upon in his rehearing had been presented to the Commission at the initial hearing and not relied upon earlier, the Commission could not use that information in making Norwood's parole determination. The district court held that the Commission's parole determination was not an abuse of discretion and the Commission was allowed to consider on rehearing the assaults, the shots fired at the police officers, and Norwood's parole status while committing the second robbery.
 
 II.
 
 7
 We agree with the district court that the Commission had the power to consider at the parole determination rehearing the assaults during the offense robberies, the two prior armed robberies, and Norwood's bond status. As the government accurately argues, the factors which made Norwood's offense a Category Seven offense at the rehearing and which justified the departure above the guideline range were irrelevant in the initial parole determination. The Commission did not need to consider Norwood's shooting at the police officers and the assaults on the bank employees because it determined that Norwood's offense required a Category Eight rating because of the attempted murder. The Commission must use the highest category applicable when setting the guideline range, and therefore it was not required to determine at that time whether Norwood's other behavior would justify a Category Seven rating. Nor was it required at the initial hearing to consider whether Norwood's bond status during the second robbery or his two prior armed robberies would justify a decision above the guideline range, since the range for a Category Eight offense had no maximum incarceration period. It was not until the Commission rated Norwood under Category Seven (78-110 months) that these factors were relevant to his parole determination. Accord Bialkin v. Baer, 719 F.2d 590, 595 (2nd Cir.1983) (where court did not have occasion to consider decision above the guideline range at initial parole hearing, court may consider such a departure at a rehearing where the prisoner's salient factor score had changed); Arias v. United States Parole Commission, 648 F.2d 196, 201 (3rd Cir.1981) (same); cf. Goble v. Matthews, 814 F.2d 1104, 1108 (6th Cir.1987) (information which was presented to the Commission during the initial hearing but not considered by the Commission in setting a presumptive release date could be used at rehearing to decline to shorten the continued incarceration period set initially).
 
 
 8
 Thus, the Commission did not "refuse to rely upon" those factors, as Norwood argues, but rather was never required to even consider whether they were relevant. Such nonreliance because of irrelevancy does not preclude later consideration of these factors. A decision to the contrary would require the Commission to address all less severe actions than the one upon which they rely, and state what their determination would be if they ever retracted the more severe factor as support for their decision. We think it unwise to establish such a requirement.
 
 
 9
 The fact that the Commission here did not "choose" not to rely on these factors during the initial hearing distinguishes this case from Schiselman v. United States Parole Commission, 858 F.2d 1232 (7th Cir.1988), on which Norwood relies. There, the Commission reopened a parole determination proceeding after receiving a letter stating that the petitioner used a firearm during an attempted jail escape from state prison while his federal charges were pending; the Commission then extended petitioner's presumptive parole date. In Schiselman we noted that the information was "presented to and considered by the Commission [at the first parole hearing] and the Commission explicitly chose to disregard it." Id. 1238. On review, we held that "the fact that the Commission was aware of the information at the first reconsideration hearing, yet chose not to rely upon it, precludes its use at the second reconsideration hearing." Id. (emphasis added). In Norwood's case, the Commission did not "choose" not to rely upon or to "disregard" the information during the initial hearing; the information was never considered because the Commission never reached the stage where it would be relevant. See Knight v. United States Parole Commission, 721 F.Supp. 974, 981 (N.D.Ill.1989) (noting Schiselman's distinction between "information which merely existed at the time of the initial parole determination hearing and information which was considered and expressly disregarded by the Parole Commission.").
 
 
 10
 The Commission at Norwood's parole rehearing was permitted to consider Norwood's assaultive behavior and bond status in setting a new parole date. The district court's dismissal of Norwood's petition for a writ of habeas corpus is
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 The pending case in the Middle District of Pennsylvania was dismissed as moot
 
 
 [2]
 Norwood again brought a petition for habeas relief in the Middle District of Pennsylvania. Judge Shabaz in the current action found that that case raised different issues than those raised here and therefore did not bar Norwood's present action