972 F.2d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stephen A. FALK, Petitioner-Appellant,
v.
Lloyd HAYES, et al. Respondent-Appellee,
 No. 90-16126.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1992.*
Decided Aug. 7, 1992.
 
 Before FLETCHER, POOLE and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stephen Falk contends that the district court erred in denying his petition for a writ of habeas corpus, which was based on the contention that the Parole Commission improperly reviewed and augmented his sentence. We review the district court's findings of fact under the clearly erroneous standard and its denial of the writ of habeas corpus de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989).
 
 FACTS
 
 3
 In April 1987, Stephen Falk began serving his ten-year sentence for possession with intent to distribute marijuana at the Federal Correctional Institution in Ashland, Kentucky. On September 10, 1987, the Southeastern Regional Office of the Parole Commission set Falk's initial parole date according to the 40-month term of imprisonment mandated by the statute under which Falk was convicted.
 
 
 4
 In April 1988, prison authorities at FCI-Ashland requested the Southeast Regional Parole Commission to review Falk's parole status in light of two new factors. First, Falk had been convicted a second time on drug-related charges in Seattle, Washington. The penalty for his second conviction was a three-year term which was ordered to run consecutively to the sentence he was presently serving. Second, the mandatory 40-month prison term for his first conviction had been removed, thereby rendering Falk eligible for the 24 to 36 month term called for by the applicable Parole Commission Guideline. In April 1988, the Southeast Regional Office reduced Falk's prison term to 36 months.
 
 
 5
 Within the next year, Falk was transferred to the Federal Correctional Institution at Pleasanton, California. When reviewing his records, the Western Regional Parole Commission noticed that the presentence report from Falk's Seattle conviction was missing. After deciding that the prior reconsideration hearing held by the Southeast Regional Parole Commission had not examined the circumstances surrounding that conviction, the Western Regional Parole Commission reopened Falk's case. On May 15, 1989, the Commission notified Falk of its decision to add 30 months to his term of imprisonment on account of his second conviction.
 
 
 6
 Falk contested this decision before the National Appeals Board, which affirmed the Parole Commission's decision on August 23, 1989. On October 26, 1989, Falk filed a petition for a writ of habeas corpus in the district court, which was denied on May 29, 1990. He now appeals to this Court, alleging that the Commission violated his constitutional right to due process of law in failing to follow its own regulations, which he contends prohibited the Western Regional Parole Commission's reconsideration of his case.
 
 ANALYSIS
 
 7
 Falk contends that when the Southeast Regional Parole Commission reconsidered his projected parole date in April 1988, it had taken into account the presentence report from his Seattle conviction. Since the Southeast Regional Parole Commission already evaluated his second conviction in adjusting his date of parole, Falk maintains that it was procedurally improper for the Western Regional Parole Commission to reopen his case and add 30 months to his term of imprisonment on the same basis. We find that Falk's contentions are mistaken.
 
 
 8
 The district court found that the administrative record establishes that the presentence report was not in Falk's file when the Southeast Regional Parole Commission advanced his parole date by four months in 1988. This finding is well supported by the evidence, which does not indicate that the Southeast Regional Parole Commission gave any consideration whatsoever to the circumstances giving rise to Falk's second conviction. The four month reduction of prison time which Falk received does not itself imply that the Southeast Regional Parole Commission had considered his additional criminal activities in adjusting his parole date. Nor does the Commission's report make any mention of the Seattle conviction or the criminal activities underlying it. The sole justification offered for its four month downward adjustment of Falk's prison term was the removal of the forty month mandatory incarceration for his first conviction.
 
 
 9
 Falk presents no reason to think that the Commission considered any material related to his Seattle conviction in adjusting his parole date. His assertion that his presentence report is one of the attachments to a letter from his unit manager at FCI-Ashland to the Parole Commission was found by the district court to be belied by a certified copy of the letter. Falk's argument that the Commission must have considered the presentence report since it was required to do so by 28 C.F.R. 2.19 lacks merit in light of the substantial evidence to the contrary.
 
 
 10
 Since Falk's Seattle conviction had not received due consideration by the Southeastern Regional Parole Commission, the Western Regional Parole Commission rightly reopened his case under 28 C.F.R. § 2.28(c). This subsection obliges the Regional Parole Commissioner to reconsider a prisoner's parole date if he receives an additional federal sentence following his initial parole consideration, unless the conduct leading to that conviction has been previously considered by the Commission. Since the conduct leading to Falk's Seattle conviction had not been previously assessed by the Southeastern Regional Parole Commission, the Western Regional Parole Commission had no alternative but to reopen Falk's case.
 
 
 11
 Falk's arguments against this conclusion are to no avail. In particular, his invocation of a Seventh Circuit case, Schiselman v. United States Parole Commission, 858 F.2d 1232 (7th Cir.1988), is doubly misguided. First, the holding in Schiselman turns on the analysis of a different regulatory provision than that applied to Falk and therefore is inapplicable in his case. Schiselman's close analysis of the meaning of "new adverse information" justifying reopening a case under § 2.28(f) is simply not transferable to Falk's situation. Falk's case was not reopened under § 2.28(f), but under § 2.28(c), which mandates that the Commission take into account subsequent convictions.
 
 
 12
 Second, even if Falk's case had been reopened under & 2.28(f) by casting his previously missing presentence report as "new adverse information," not only Schiselman but Ninth Circuit precedent would have permitted the Western Regional Parole Commission's adjustment of Falk's parole status. Williams v. United States Parole Commission, 707 F.2d 1060, 1065 (9th Cir.1983); overruled on other grounds, Wallace v. Christensen, 802 F.2d 1539 (9th Cir.1986); Schiselman, 858 F.2d at 1238.
 
 
 13
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3