The Honorable Clyde D. Graeber State Representative, Forty-First District State Capitol, Room 115-S Topeka, Kansas 66612
Dear Representative Graeber:
You requested that we review Attorney General Opinion No. 94-105
in light of the recent Supreme Court decision, Bruns v. KansasState Board of Technical Professions, 225 Kan. 728 (1994). Specifically you inquire whether an interpretation of K.A.R.67-2-4 by the Kansas board of hearing aid examiners is valid in light of Bruns.
At issue in Attorney General Opinion No. 94-105 was whether the board of hearing aid examiners (board) has discretion when applying the licensure by reciprocity standard set by statute. Attorney General Stephan concluded that the board has the discretion to compare not only areas of competency set by statute but also the discretion to determine whether the applicant has met Kansas standards in each area by a passing score of at least 75 percent. You correctly point out that the Board has interpreted the regulation requiring a 75 percent passing score to be a passing score in each area rather than overall.
K.A.R. 67-2-4 states:
 "(a) Applicants shall be required to take an examination which includes both a written and practical demonstration of technical proficiency. The passing score shall be 75 percent."
Attorney General Opinion No. 94-105 and Bruns v. Kansas Board ofTechnical Professions are related in that both deal with a regulatory board's authority to interpret legislation. However, in our opinion Bruns does not affect the conclusion reached in Attorney General Opinion No. 94-105.
In Bruns the board of technical professions (BTP) was applying an internal policy, not generally furnished to applicants for licensure by reciprocity. Pursuant to this policy the BTP summarily denied, without exercising any discretion, any application for reciprocal licensure with another state if the original license had been permitted to lapse. Ronald Bruns had moved to Florida, obtained licensure by reciprocity and allowed his base state or original license from Georgia to lapse. The court applied K.S.A. 1993 Supp. 77-415(4) setting forth the elements or attributes of a rule or regulation and requiring its filing and publication in order to be valid and enforceable. The court found the policy unenforceable because it had not been promulgated as a regulation. Bruns does not affect the conclusion in Attorney General Opinion No. 94-105 because the issue addressed by that opinion is different. The opinion deals with whether the board has discretion to apply the statutory standard, and Bruns
deals with whether the board must promulgate a regulation that publishes how the discretion is to be applied.
At issue now is whether the board of hearing aid examiners has interpreted K.A.R. 67-2-4 in accordance with the act it enforces. The board interprets the regulation to require proficiency in each
of the technical areas in accordance with the requirements found in K.S.A. 74-5813 listing the areas to be tested for proficiency. The Kansas Supreme Court has long given judicial deference to an administrative board's interpretation of a statute that it enforces. Blue v. McBride, 252 Kan. 894, 923 (1993); Kansas Boardof Regents v. Pittsburg State Univ. Chap. K-NEA, 233 Kan. 801, 809
(1983). Likewise, deference is accorded to an agency's construction and interpretation of its own rules and regulations; their interpretation will not be disturbed on appeal unless clearly erroneous or inconsistent with the regulation. Ibid., citing Columbian Fuel Corp. v. Panhandle Eastern Pipe Line Co.,176 Kan. 433, 440 (1954); and McClanahan v. Mulcrome,636 F.2d 1190 (10th Cir. 1980); Reed v. Kansas Racing Commission,253 Kan. 602, 610 (1993). This standard is applied in circumstances similar to those before us in In re Tax Appeal of Newton CountryClub Co., 12 Kan. App. 2d 638, 645 (1988) rev. denied 243 Kan. 779
(1988).
In Newton the regulation in question was also subject to more than one interpretation. According to the board of tax appeals and in spite of not expressly saying so, the regulation exempting gratuities from the excise tax in two instances required that in both instances the gratuity had to be voluntary. The regulation stated in part:
 "Gratuities shall not be included within the gross receipts subject to the tax if the gratuities are voluntarily given by the customer or are separately stated in a source record and are entirely distributed to employees. . . ."
The opposing party argued that the regulation created two categories: one, where voluntarily given and two, when separately stated and distributed to the employee. The court found that the board's interpretation was consistent with the language in the regulation and with the statute and as such was not clearly erroneous.
Similarly we find that the Kansas board of hearing aid examiner's interpretation of K.A.R. 67-2-4 is consistent with the language of the regulation, furthers the legislative intent of the statute being implemented and is not clearly erroneous. Accordingly, it is our opinion that the Kansas board of hearing aid examiner's interpretation of their regulation is valid. We note that the regulation in question has recently been amended to specifically say that the passing score of 75 percent must be in each area tested.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm